not have the medical equivalent of any single listed impairment.

There is substantial evidence on the record considered as a whole to support the Secretary's findings. Accordingly, summary judgment is granted and the decision of the Secretary is affirmed.

So ordered.

**Maceo DIXON et al., Plaintiffs,**

v.

**Myer BERESH et al., Defendants.**

**Civ. A. No. 39955.**

United States District Court,
E. D. Michigan, S. D.

May 16, 1973.

Ronald Reosti, Detroit, Mich., for plaintiffs.

Ray R. Graves, Detroit, Mich., for defendants.

## MEMORANDUM ORDER

KEITH, District Judge.

Plaintiffs have brought this action seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4), 2201, 2202, 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs, who have brought this action for themselves and on behalf of all persons similarly situated, complain that the school authorities who are defendants herein, have refused to afford recognition to student organizations known as the Mumford Committee to End Stress and the Mumford Young Socialist Alliance.

The defendants are public officials who have been, are presently, and will be acting under color of State law. Plaintiff organizations are voluntary unincorporated associations of students at Mumford High School which were or-

ganized to discuss and advance ideas, some of which are obviously political in nature. Plaintiffs have stated that they desire to be recognized as official student organizations in order to obtain the right to use school facilities and acquire the other privileges which accompany recognition. It is uncontroverted that plaintiffs have not advocated disrupting or impairing the normal and usual operation of the high school. Nor is it alleged that plaintiffs are planning or contemplating engaging in activities which would in any way impair the educational process at Mumford High School. Plaintiffs have complied with all rules and regulations known to them for the recognition of student organizations at Mumford High School.

The record in this case was developed in the course of a two-day hearing before this Court on May 8 and May 9, 1973. The record will reflect that the Board of Education has a policy which as interpreted by Myer Beresh, the principal of Mumford High School, forbids the school from affording recognition to student groups which advocate "controversial" ideas or which "stress one side" of issues. The principal, in the exercise of his unfettered discretion, decides what is controversial. The defendants have stated as a further ground for denying recognition to the Mumford Committee to End Stress and the Mumford Young Socialist Alliance that the orderly operation of the school system would be impaired if "any number and types" of student organizations were allowed to "proliferate."

■ Absent a threat to the orderly operation of the school, to deny recognition to a student group for the reason that it advocates "controversial" ideas is patently unconstitutional. Furthermore, the contention that student groups would proliferate if recognition were granted to the Mumford Committee to End Stress and the Mumford Young Social-

ist Alliance is entirely speculative and hence must be discounted. The Board of Education policy, as interpreted and implemented violates the language and intent of the Supreme Court's holding in Tinker v. Des Moines Iowa School District, 393 U.S. 503, 89 S.Ct. 733, 21 L. Ed.2d 731, which was previously cited in this Court's Memorandum and Order issued in Garvin v. Roseneau, Civil Action No. 36093. Eisner v. Board of Education, 440 F.2d 803 (2nd Cir. 1971), cited by defendants, stands for the proposition that a school can proscribe First Amendment activities which are materially and substantially disruptive of the educational process. *Eisner, supra*, p. 808. *Eisner*, then supports the position of the plaintiffs rather than that of the defendants.

■ This Court therefore states, by way of declaratory judgment, that the decisions of the defendants in denying recognition to the plaintiffs and other members of their class as student organizations is unconstitutional and null and void as being contrary to the First, Fifth and Fourteenth Amendments to the United States Constitution. The Mumford Committee to End Stress and the Mumford Young Socialist Alliance are to be granted recognition immediately.

Furthermore, this Court hereby permanently enjoins defendants, their agents, assistants, successors, employees, attorneys, and all persons acting in concert or cooperation with them or at their direction and under their control from interfering with, threatening, harassing, deterring or discouraging the exercise by plaintiffs of their rights under the United States Constitution and laws.

Furthermore, the defendants are ordered to pay the plaintiffs' costs and reasonable attorney fees.

It is so ordered.